```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
ALQUIDANIA ALMONTE,                                               :
                                                                  :
                                      Plaintiff,                  :   1:19-cv-11063-GHW
                                                                  :
                       -v -                                       :   MEMORANDUM OPINION
                                                                  :        AND ORDER
TARGET CORPORATION,                                               :
                                                                  :
                                      Defendant.                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/22/2020

GREGORY H. WOODS, United States District Judge:

This is a slip and fall case. This motion is about a procedural slip-up: Plaintiff failed to move to remand the case to state within the 30-day period after it was removed to federal court. Because of that procedural gaffe, the Court is denying Plaintiff's motion to remand. As a result, the Court does not reach the only novel issue raised by this motion, namely whether the following language slipped into the complaint by Plaintiff's counsel is sufficient to invoke the Court's diversity jurisdiction: "plaintiff has been damaged in an amount in excess of all lower courts that would otherwise have jurisdiction herein *and that exceeds the jurisdictional minimum of all courts that would have concurrent jurisdiction, together with the costs and disbursements of this action*." While not dispositive here, the Court highlights the introduction of this language into the state court complaint, and the analytical issues that it raises.

## I.   PROCEDURAL HISTORY

Plaintiff filed this action in state court on March 25, 2019. Dkt. No. 4, ¶ 1. According to the Complaint, while Plaintiff was in Defendant's store, she "was caused to slip, trip and fall, sustaining serious injuries." Dkt. No. 4-1 (the "Complaint"), ¶ 21. As a result of the fall, Plaintiff allegedly "became injured, sore and disabled; she sustained severe injuries to various parts of her body" and "suffered, suffers, and will continue to suffer great pain and anguish in body and mind."

*Id.* ¶ 24. As a result, Plaintiff alleged that she was unable to work, and that she had a continued need to receive hospital attention and medical care. *See id.* The Complaint did not quantify the amount of her damages. Instead, the Complaint included a statement that deviated somewhat from the boilerplate: "plaintiff has been damaged in an amount in excess of all lower courts that would otherwise have jurisdiction herein *and that exceeds the jurisdictional minimum of all courts that would have concurrent jurisdiction, together with the costs and disbursements of this action*." *Id.* at ¶ 26 (emphasis added).

Lacking an allegation regarding the specific amount of damage allegedly suffered by Plaintiff, on June 21, 2019, Defendant served Plaintiff a demand pursuant to N.Y. C.P.L.R. § 3017(c). Dkt. No. 21-3. Under N.Y. C.P.L.R. § 3017(c), "a party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). On November 21, 2019, Plaintiff served her response to Defendant's demand. Dkt. No. 21-4 at 6. In it, Plaintiff stated that she sought $10 million, together with costs, interest, and disbursements. *Id.*

With that quantification of damages in hand, Defendant removed this case to federal court. Defendant filed the notice of removal to this Court on December 3, 2019. Dkt. No. 1. The next day, Defendant served a written notice of removal on Plaintiff. *See* Mem. Law Supp. Second Mot. Remand ("Mem."), Dkt. No. 20, ¶ 19. On January 3, 2020, 31 days after Defendant filed its notice of removal, Plaintiff filed her first motion to remand (the "First Motion to Remand"). Dkt. No. 12. One of the issues that Plaintiff raised in the First Motion to Remand was Defendant's failure to file a notice of removal with the state court, as required by 28 U.S.C. § 1446(d). Dkt. No. 12-1, ¶ 7.

Because Plaintiff did not request a pre-motion conference before filing her motion, as required by the Court's individual rules of practice, the Court denied Plaintiff's motion without prejudice. Dkt. No. 13. Tipped off by the arguments made in the First Motion to Remand, on

January 6, 2020, Defendant filed a notice of removal with the state court.  Dkt. No. 18-7.  Following a conference with the parties, during which the parties engaged in a meaningful discussion intended to focus the briefing on the motion, on January 29, 2020, Plaintiff filed her second motion to remand (the "Second Motion to Remand").  Dkt. No. 18.

## II.   ANALYSIS

### a. Plaintiff's motion to remand was untimely because in was not filed within 30 Days of removal.

Plaintiff's First Motion to Remand was filed late.[1]  The removal statute requires that a plaintiff file any motion to remand within 30 days after the filing of a notice of removal in the federal district court.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  Section 1446(a) refers to the filing of a notice with the district court:  "[a] defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."  28 U.S.C. § 1446(a).

While Plaintiff argues to the contrary, a close reading of the language of the statute makes it clear that "Section 1446(d) has no bearing on the time period for moving for remand."  *Bell v. Arvin Meritor, Inc.*, No. 12-00131-SC, 2012 WL 1110001, at *1 (N.D. Cal. Apr. 2, 2012).  Section 1446(d) requires that a defendant file a notice of removal in the state court from whence it came.  28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant . . . shall file a copy of the notice with the clerk of such State court, which shall effect the removal and

---

[1] Although the Court denied Plaintiff's First Motion to Remand as improperly brought under the Court's Individual Rules, the Court uses the date the First Motion to Remand was filed as the relevant date for assessing the timeliness of Plaintiff's Second Motion to Remand.  It would be unfair to penalize Plaintiff for her failure to comply with the procedural rule.

the State court shall proceed no further unless and until the case is remanded."). But as described above, Section 1447(c) ties the deadline to file a motion to challenge remand to the date of filing a notice with the district court pursuant to Section 1446(a), not the filing with the state court pursuant to Section 1446(d). Therefore, a plaintiff has 30 days from the date on which the notice of removal was filed with the district court to file a motion to remand.

Plaintiff's First Motion to Remand was not filed until 7:25 p.m. on January 3, 2020. It was due on January 2, 2020—30 days after Defendant removed the case on December 3, 2019. Defendant did not file a copy of the notice of removal with the state court until January 6, 2020, but, again, the date on which Defendant filed its notice with the state court pursuant to Section 1446(d) does not impact Plaintiff's deadline for filing the motion to remand. The only relevant date is the date on which the notice of removal was filed with the federal court.

It is not relevant that the First Motion was dated the day prior to its filing; for these purposes, the Court looks only to the date of filing. The First Motion to Remand was dated and served on January 2, 2020. Dkt. Nos. 12; 12-10. But the text of the statute is clear that the motion "must be *made* within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). "[N]on-trial motions are 'made' when 'filed.'" *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Ass'n, Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005). Accordingly, the motion was not "made" until January 3, 2020—the date of its filing. Because Plaintiff filed her motion to remand 31 days after the filing of the notice of removal, she missed her deadline: the motion was not "made within 30 days after the filing of the notice of removal" with the district court. 28 U.S.C. § 1447(c); *see Phoenix*, 422 F.3d at 75 ("Under 28 U.S.C. § 1447(c), to avoid waiver of any procedural defects in the notice of removal, a motion for remand must be filed within thirty days of the filing of the notice of removal.").

Although Plaintiff has failed to comply with the statute, the Court may "in its discretion treat a motion to remand that is filed after the 30-day deadline as timely." *Bisesto v. Uher*, No. 19-CV-1678 (KMK), 2019 WL 2537452, at *5 (S.D.N.Y. June 20, 2019), *appeal dismissed* (Nov. 18, 2019). "[S]uch discretion should be guided by whether 'strict application of these requirements would cause an unjust result.'" *Scantek Med., Inc. v. Sabella*, No. 08-CV-453 (CM), 2008 WL 2518619, at *3 (S.D.N.Y. June 24, 2008) (quoting *Phoenix*, 422 F.3d at 76 (holding that district court did not abuse its discretion when it deemed timely a motion to remand filed one day after the deadline because the motion had been twice rejected by ECF due to procedural errors)). "[T]he overall tenor of *Phoenix* is that exceptions are permitted to the 30-day deadline only in exceptional circumstances, such as failure to file due to a mechanical quirk of the electronic case filing system." *Id.* The district court in *Scantek* declined to exercise its discretion to treat a motion to remand as timely because the plaintiff "offer[ed] no explanation whatsoever for belatedly filing this Motion for Remand." *Id.* "In *Phoenix*, by contrast, the plaintiff did have an excuse: the plaintiff's attorney in *Phoenix* made a good faith effort to comply with the deadline, and only failed to do so because of 'quirks of [the Court's] procedural mechanisms . . . .'" *Id.* (quoting *Phoenix*, 422 F.3d at 76). Here, strict application of the 30-day deadline would not cause an unjust result because Plaintiff has not offered any excuse for her failure to act timely, whether as a result of procedural or technical difficulties or for any reason. Nor has she even attempted to argue that she made a good faith effort to comply with the deadline. Therefore, the Court declines to exercise its discretion to treat the motion as timely.

> **b. Defendant's delay in filing the notice of removal in state court does not provide a basis to remand this case.**

Plaintiff has waived any argument that the case should be remanded because of Defendant's delay in filing a notice of removal in state court. Plaintiff argues that "Defendant did not properly or effectively remove this action, mandating this matter be remanded to state court[,]" because Defendant failed to promptly file a Notice of Removal with the state court. Mem. ¶ 16. Plaintiff

5

has waived this argument as a basis for remand because the 30-day window for filing a motion to remand applies where the motion is made "on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c); *Kanayama v. KESY LLC*, No. 14 Civ. 3405 (JFK), 2015 WL 1433203, at *3 (S.D.N.Y. Mar. 30, 2015) ("[F]ailure to move for remand within 30-days of removal based on any nonjurisdictional defect results in waiver of those defects.").

      Failure to promptly file a notice with the state court under Section 1446(d) is not a jurisdictional defect, and, therefore, is waivable. In this Circuit, a federal court obtains jurisdiction when the notice of removal is filed with the federal court.[2] *See Linden v. Chase Manhattan Corp.*, 52 F. Supp. 2d 387, 388 (S.D.N.Y. 1999) (rejecting argument that district court never obtained jurisdiction where defendant failed to file Section 1446(d) notice with state court); *Riveredge Owners' Ass'n v. Town of Cortlandt, Inc.*, No. 16-CV-5665 (GBD) (JLC), 2016 WL 6462387, at *7 (S.D.N.Y. Nov. 1, 2016) ("A federal district court has jurisdiction on the day that a notice of removal is filed with the Clerk of that court. . . . A State court, on the other hand, loses jurisdiction on the date the notice of removal is filed in State court.") (internal quotation marks omitted) (quoting *Ornstein v. Lyndon Baines Johnson Health Complex, Inc.*, No. 04-CV-4627 (NGG), 2006 WL 845412, at *3 (E.D.N.Y. Mar. 29, 2006)), *report and recommendation adopted*, No. 16 Civ. 5665 (GBD), 2016 WL 7392218 (S.D.N.Y. Dec. 21, 2016); *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 248 (S.D.N.Y. 2000) (where there was a 36-day delay in filing notice under Section 1446(d), holding that "where, as here, the delay was relatively short and no action was taken by the state court between the time of actual removal and

---

[2] *Hardman v. Bristol-Myers Squibb Co.*, No. 18-CV-11223 (ALC), 2019 WL 1714600, at *3 (S.D.N.Y. Apr. 17, 2019), is an outlier. *Hardman* stated that until Section 1446(d) is satisfied, "the action is not removed and the federal court does not have jurisdiction." But in reaching that conclusion *Hardman* relied on *Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996), an Eighth Circuit decision. The leading case in the Second Circuit is *United States ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 227–28 (2d Cir. 1971) ("We have to look at the reason for filing the petition for removal with the clerk of the state court. The apparent reason is to inform the state judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not. There can be no other purpose for this requirement. . . . The state court is deprived of jurisdiction to proceed with the removed action unless and until the case is remanded, irrespective of whether the action is removable.") (internal citations and quotation marks omitted).

the time of the requisite notice, the alleged defect is harmless and, not being jurisdictional, creates no basis for remand"); *McCall v. Greyhound Lines, Inc.*, No. 98 CIV. 7586 (CSH), 1998 WL 865626, at *2 (S.D.N.Y. Dec. 11, 1998) ("[F]ailure to notice the State court is a procedural defect that need not defeat federal jurisdiction."). Because Defendant's alleged failure to comply with Section 1446(d) is not a jurisdictional defect, Plaintiff waived the issue as a result of her untimely filing.

In any event, a motion to remand based on this purported defect would fail because Defendant did not fail to file its notice of removal with the state court "promptly." As described above, Section 1446(d) requires that a defendant file a notice of removal with the state court "promptly." 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.").

Section 1446(d) does not define what "promptly" means. It is a flexible, fact-specific standard. "[W]hat constitutes delay depends upon the circumstances of the individual case." *McCall,* 1998 WL 865626, at *2 (citing 14C Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3736, at 548 (1996)). "It is clear that constructive notice may be sufficient notice for the purposes of the statute." *Id.* (failure to file state court notice for 17 days not grounds for remand where plaintiff received notice after only three days by way of an order from the district court). Courts also consider whether prejudice resulted from the delay and whether the state court took any action during the delay. *Id.* ("Nor has plaintiff demonstrated any prejudice resulting from the delay."); *Calderon*, 101 F. Supp. 2d at 248 ("[W]here, as here, the delay was relatively short and no action was taken by the state court between the time of actual removal and the time of the requisite notice, the alleged defect is harmless and, not being jurisdictional, creates no basis for remand."); *Ynoa v. Kutner*, No. 10 CIV. 5398 (NRB), 2011 WL 1796320, at *3 (S.D.N.Y. May 5, 2011) ("[W]e are

7

not aware of any action taken by the state court in the approximately month and a half until the notice was filed with the state court, and plaintiff does not claim that she suffered any prejudice because of the relatively short delay.").

Here, Defendant failed to file the Section 1446(d) notice of removal with the state court until January 6, 2020—34 days after it filed a notice of removal with the district court. However, Plaintiff received notice of removal on December 4, 2019. Mem. ¶ 19. The state court took no action between the date of the filing of the notice of removal with the federal court on December 3, 2019 and the filing of the notice of removal with the state court on January 6, 2020. Dkt. No. 21-9. Plaintiff asserts no prejudice as a result of the delay. Given those facts, the Court does not conclude that Defendant failed to file the notice "promptly" in this case. *See Calderon*, 101 F. Supp. 2d at 248 (refusing to remand where defendant waited 36 days to file the notice of removal with state court and the state court had taken no action). Therefore, even if failure to comply with Section 1446(d) was a jurisdictional defect that could form the basis of a motion to remand filed outside the 30-day window, no such defect is present here.

### c. A cautionary note regarding the Complaint's language is warranted.

The modifications to the standard jurisdictional language implemented in the Complaint raise a thorny issue that is worthy of note here—whether the language gives a defendant sufficient information regarding the amount in controversy to trigger the 30-day period for it to remove the action to federal court. *See generally* 28 U.S.C. § 1446(b) and (c).

In actions to recover damages for personal injury brought in New York Supreme Court, "the pleading shall . . . state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." N.Y. C.P.L.R. § 3017(c). As a result, personal injury complaints filed in state court typically contain an allegation along the lines of the following: "The amount of the damages sought exceeds the jurisdictional limits of all lower

courts which would otherwise have jurisdiction in this matter." On its own, this language does not provide sufficient information for a defendant to determine whether the state action crosses the federal diversity threshold amount of $75,000.

Here, the Complaint used similar language, but tacked on a little something extra: "[P]laintiff has been damaged in an amount in excess of all lower courts that would otherwise have jurisdiction herein *and that exceeds the jurisdictional minimum of all courts that would have concurrent jurisdiction* . . . ." Dkt. No. 4-1 at ¶ 26 (emphasis added). Plaintiff's addition to the boilerplate language was designed to suggest that the amount of damages claimed exceeded the federal diversity threshold amount. The language is somewhat sly because it does not use the words "federal courts"—instead the more coded reference to courts with concurrent jurisdiction. But what courts have concurrent jurisdiction with the state supreme court, other than the federal district courts? Without a red flag reference to "federal courts" or an amount in excess of $75,000, a defendant's lawyer might glaze over apparent boilerplate and fail to recognize that this language may trigger the clock for her to file a notice of removal. But that is what Plaintiff's lawyer argues here. And it is not a mistake: during a conference with the Court, Plaintiff's counsel acknowledged that the language was intended to trigger the clock for removal. January 8, 2020 Hearing Tr., Dkt. No. 30, at 8:8–10 ("[M]y pleadings had an ad damnum clause that indicated specifically that we were seeking an amount in excess of the federal jurisdictional minimum.").

The Court does not need to decide the issue to resolve this case, but provides an outline of the parties' argument for reference by future litigants. Defendant argues that the Complaint's novel language is insufficient to put it on notice because it does not state the specific amount of damages claimed. Defendant relies on the Second Circuit's holding in *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). *Moltner* held, "[w]e join the Eighth Circuit, as well as all of the district courts in this Circuit to have addressed the issue, in holding that the removal clock does not start to run

until the plaintiff serves the defendant with a paper that explicitly specifies the *amount* of monetary damages sought." *Id.* at 38 (emphasis added).  Because the Complaint did not state a specific amount of damages sought as required by *Moltner*, Defendant contends that the removal clock did not begin to run.[3]

Plaintiff acknowledges, as she must, that *Moltner* makes reference to a requirement that a complaint plead a specific amount of damages.  However, in reaching that conclusion, *Moltner* relied on *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000).  In *In re Willis*, the Eighth Circuit held that the 30-day clock "begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." *In re Willis*, 228 F.3d at 897.  It did not require plaintiff to plead a specific amount.  The Second Circuit joined *In re Willis* while simultaneously, and without explanation, adding a requirement that did not appear in *In re Willis*—namely that a plaintiff must explicitly disclose a specific amount, rather than requiring only that a plaintiff explicitly disclose that she "is seeking damages in excess of the federal jurisdictional amount."  Plaintiff argues that the cited language in the Complaint is sufficient to do just that.

The Court need not decide the issue here.  However, the bar should be aware that the novel language included in the Complaint here is designed to fuel an argument that a defendant failed to file a timely notice of removal.

---

[3] In *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, the Second Circuit held in the context of a Class Action Fairness Act case, that the 30-day removal clock was not triggered where the relevant paper did not "explicitly specif[y] the aggregate amount in controversy *or* provide[] [defendant] with sufficient information to conclude the threshold amount in controversy was satisfied." 749 F.3d 137, 145 (2d Cir. 2014) (emphasis added).  This formulation is arguably closer in meaning to the standard articulated in *In Re Willis* and begins the removal clock even in circumstances where a specific amount is not stated.

### d. Defendant's request for an award of fees is denied.

Section 1447(c) specifically provides for an award of fees and costs when a case is remanded but does not concern fees or costs when a motion to remand is denied. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Defendant cites no authority for its request for costs, arguing only that the motion to remand was frivolous. While it was a losing motion, it was not frivolous. Plaintiff's counsel articulated colorable, and creative, arguments in support of her position. As a result, the Court denies Defendant's application for fees and costs.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Second Motion to Remand is DENIED. Defendant's request for costs in connection with Plaintiff's motion to remand is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 18.

SO ORDERED.

Dated: May 22, 2020

_____
GREGORY H. WOODS
United States District Judge